UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VERNELL L. STATEN,

    Petitioner,

v.                                                                          Case No. 19-C-1007

UNITED STATES OF AMERICA,

    Respondent.

## SCREENING ORDER

    Petitioner Vernell L. Staten pleaded guilty to obstructing commerce by robbery in violation of 18 U.S.C. § 1951(a) and brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). In March 2016, Staten was sentenced to 33 months imprisonment on the robbery charge and the mandatory minimum 84 months for brandishing a firearm, to be served consecutively. Staten did not appeal his conviction or sentence. On July 15, 2019, Staten filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, claiming that his conviction under § 924(c) is invalid in light of the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the § 924(c)(3)(B) residual clause is unconstitutionally vague. Based upon this recent development in the law, Staten contends that he is entitled to relief.

    This is not Staten's first § 2255 motion challenging his conviction and sentence. In June 2016, Staten filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). The court denied the motion because Staten failed to show a constitutional defect in the charges he faced. *See Staten*

*v. Untied States of America*, No. 16-C-810 (E.D. Wis. July 5, 2016), Dkt. No. 3. The instant § 2255 motion is therefore a second or successive motion.

Motions brought pursuant to § 2255 are subject to the requirement that second or successive motions under the statute must be authorized by the court of appeals before they can be considered by the district court. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *see also Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). As such, Staten must obtain authorization from the Seventh Circuit Court of Appeals to file a second or successive petition under § 2255. The Seventh Circuit has not authorized the filing of a second or successive § 2255 motion, and this court lacks jurisdiction to consider Staten's motion as a result. Therefore, Staten's motion is denied and the action is dismissed.

**IT IS THEREFORE ORDERED** that Staten's § 2255 motion is **DENIED** and the case is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. I do not believe that reasonable jurists would believe that Staten has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this   22nd   day of July, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court